**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**STEPHEN STRAIN,**

                              **Petitioner,**

                                                                    **9:11-CV-0345**
                    **v.**                                          **(TJM)**

**ADA PEREZ, Warden,**

                              **Respondent.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PETITIONER:**

**STEPHEN STRAIN**
Petitioner, _pro se_
No. 09-A-5979
Downstate Correctional Facility
121 Red Schoolhouse Road
P.O. Box F
Fishkill, NY 12524-0445

**FOR THE RESPONDENT:**

**ERIC T. SCHNEIDERMAN**                  **ALYSON J. GILL, ESQ.**
Attorney General for the                  Assistant Attorney General
State of New York
120 Broadway
New York, NY 10271

**THOMAS J. MCAVOY**
**Senior United States District Judge**

                    **MEMORANDUM-DECISION AND ORDER**

**I.      BACKGROUND**

        **A.      State Court Proceedings**

The records supplied to this Court establish that in a letter dated May 19, 2009, the Rensselaer County District Attorney ("District Attorney") offered petitioner, *pro se* Stephen Strain an opportunity to plead guilty to attempted robbery in the second degree, in violation of New York Penal Law ("Penal Law") §§ 110.00 and 160.10, in satisfaction of charges that were brought against him in a felony complaint which included a charge of attempted robbery in the first degree.  Dkt. No. 1 at 36.[1]  That letter noted that if petitioner accepted that offer, he would receive a determinate, seven year prison term, to be followed by five years of post release supervision.  *Id.*  That correspondence further provided that if the offer was not accepted prior to June 4, 2009, it would be withdrawn.  *Id.*  Petitioner did not accept that offer, and a Rensselaer County Grand Jury thereafter charged him with attempted robbery in the first degree, in violation of Penal Law §§ 110.00 and 160.15(3); burglary in the second degree, contrary to Penal Law § 140.25(1)(c); and criminal possession of a weapon in the third degree, in violation Penal Law § 265.02(1).  *See* Appellant's Brief on Appeal ("App. Br.") (Dkt. No. 13-2) at 3.[2]

On September 25, 2009, petitioner appeared before the county court for purposes of entering a guilty plea.  At that time, defense counsel noted that petitioner would be pleading guilty to the second count in the indictment (*i.e.*, burglary in the second degree) in full satisfaction of all charges returned against petitioner in that instrument.  *See* Transcript of Change of Plea ("Plea Tr.") (Dkt. No. 1 at 15) at 3.  Petitioner's counsel also noted at that time that under the terms of that plea proposal, petitioner "would receive an eight and a half year determinate sentence [and] . . . five years post release supervision."  *Id.*  After the trial court informed petitioner of the various rights he

---

[1] Petitioner attached various state court records to the original petition he filed with the Court.

[2] This Court was not provided with a copy of the Indictment returned against petitioner.

2

was waiving by entering a guilty plea, petitioner answered a series of questions posed to him by the court which ensured that petitioner's plea was knowingly, intelligently and voluntarily made. *Id.* at 4-9. He then admitted to entering a Domino's pizza restaurant in Rensselaer County on May 9, 2009, and using or threatening to use a dangerous instrument while intending to commit a crime at that establishment. *Id.* at 9-10. The trial court thereafter accepted petitioner's guilty plea. *Id.* at 10.

On November 2, 2009, the District Attorney prepared a second felony offender statement relating to petitioner in which the prosecutor declared that on March 3, 2003, petitioner was convicted of robbery in the third degree in Albany County Court, and thereafter sentenced to an indeterminate prison term of one to three years. *See* Second Felony Offender Statement ("SFOS") (Dkt. No. 13-1).

On November 23, 2009, petitioner appeared with counsel for purposes of sentencing on the burglary conviction. *See* Transcript of Sentencing ("Sentencing Tr.") (Dkt. No. 1 at 29). At that proceeding, petitioner admitted to the previous conviction referenced in the SFOS, Sentencing Tr. at 5, and the county court then imposed the agreed-upon sentence of eight and one-half years, to be followed by a five year period of post-release supervision. *Id.* at 5-6.

With the assistance of counsel, petitioner filed an appeal of the foregoing with the New York State, Supreme Court, Appellate Division, Third Department. *See* App. Br. The District Attorney filed a brief in opposition to that appeal, Dkt. No. 13-3, and on September 23, 2010, the Appellate Division affirmed the judgment of conviction. *People v. Strain*, 76 A.D.3d 1123 (3d Dep't 2010). Petitioner did not file an application seeking leave to appeal that decision with the New York Court of Appeals.

Petitioner thereafter filed a motion to set aside the imposed sentence pursuant to New York

Criminal Procedure Law ("CPL") § 440.20 ("CPL Motion") (Dkt. No. 13-8).  In that application,

petitioner claimed he had received the ineffective assistance of counsel because his attorney did not

object to the District Attorney's alleged failure to comply with CPL § 400.21 concerning the filing

of a second felony offender statement,[3] or thereafter contest the fact that petitioner was sentenced as

a second felony offender.  CPL Motion at 3-5.  The county court denied petitioner's application,

finding that:  (1) the District Attorney complied with CPL § 400.21; (2) petitioner was properly

sentenced as a second felony offender; and (3) petitioner had received the effective assistance of

counsel.  *See* Decision and Order of Rensselaer County Court Judge Robert M. Jacon (1/21/11)

("January, 2011 Decision") (Dkt. No. 13-5) at 2-4.  Petitioner did not seek leave to appeal the

January, 2011 Decision from the Appellate Division.

### B.   This Action

Petitioner commenced the present action by filing a petition seeking a writ of habeas corpus

on March 17, 2011 in the Eastern District of New York.  Dkt. No. 1.  Since the conviction

challenged herein occurred within the geographical boundaries of the Northern District of New

York, on March 28, 2011, United States District Judge Allyne R. Ross transferred this matter to this

District.  Dkt. No. 2.  This Court thereafter directed petitioner to file an amended pleading if he

wished to proceed with this action (Dkt. No. 4), and on April 21, 2011, petitioner filed an amended

petition in compliance with the terms of that order ("Am. Pet.") (Dkt. No. 5).

In that pleading, petitioner claims that:  (1) his trial attorney rendered ineffective assistance;

and (2) he was illegally sentenced by the county court as a second felony offender.  *See* Am. Pet.,

---

[3] CPL § 400.21 discusses the procedure to be followed where the prosecutor alleges that a criminal
defendant should be sentenced as a second felony offender.

Grounds One, Two.[4]  On September 19, 2011, the Office of the Attorney General of the State of New York, acting on respondent's behalf, filed an answer in opposition to petitioner's amended pleading.  Dkt. No. 11.  At that time, respondent's counsel also filed a memorandum of law in opposition to the amended pleading ("Resp. Mem.") (Dkt. No. 10), together with various state court records related to the criminal matter challenged herein (Dkt. No. 13).

On October 3, 2011, petitioner filed a reply memorandum of law in further support of his habeas application.  Dkt. No. 14 ("Reply").

This matter is currently before this Court for disposition.

## II.    DISCUSSION

### A.    Exhaustion Doctrine

Respondent contends that this Court must deny and dismiss petitioner's amended petition because he failed to fully exhaust his habeas claims in the state courts.  *See* Resp. Mem. at 8-9. Respondent specifically argues that petitioner raised his claims alleging ineffective assistance of counsel in his CPL Motion, but that he never sought leave to appeal the denial of that application from the Appellate Division.  Resp. Mem. at 8.  With respect to petitioner's second and final claim, respondent argues that this theory is unexhausted because when petitioner asserted his challenge to the sentence imposed on him in the context of his direct appeal, "[p]etitioner relied only on New York's Criminal Procedure Law and state cases to support his claims, and did not rely at all on the United States Constitution or federal cases."  *Id.*  Respondent contends that such ground is also unexhausted because petitioner never sought leave to appeal the Appellate Division's order that

---

[4] Petitioner attached a supporting memorandum of law to his amended pleading.  *See* Attachment to Am. Pet. ("Supp. Mem.") (Dkt. No. 5-1).

denied petitioner's direct appeal from New York's Court of Appeals.  *Id.*

     In light of the foregoing, a brief review of the exhaustion doctrine applicable to federal habeas corpus petitions is in order.

     A federal district court may not grant the habeas petition of a state prisoner "'unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State.'" *Richardson v. Superintendent of Mid-Orange Correctional Facility*, 621 F.3d 196, 201 (2d Cir. 2010) (quoting 28 U.S.C. § 2254(b)(1)(A)), *cert. denied sub nom. Richardson v. Inserra*, ___ U.S. ___, 131 S.Ct. 1019 (2011).  This is because "[s]tate courts, like federal courts, are obliged to enforce federal law."  *Smith v. Duncan*, 411 F.3d 340, 347 (2d Cir. 2005) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)).  As the Supreme Court noted in *O'Sullivan*, "[c]omity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review th[e] claim and provide any necessary relief."  *Id.*, 526 U.S. at 844 (citations omitted); *see also Smith*, 411 F.3d at 347 (quoting *O'Sullivan*).

     A petitioner exhausts his state remedies in the federal habeas context by:  "(i) present[ing] the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in lower courts); and (ii) inform[ing] that court (and lower courts) about both the factual and legal bases for the federal claim."  *Ramirez v. Attorney Gen.,* 280 F.3d 87, 94 (2d Cir. 2001) (citations omitted); *see also Aller v. Lape*, No. 09-CV-1192, 2011 WL 1827443, at *3 (E.D.N.Y. May 12, 2011) (citing *Ramirez*) (other citation omitted).  A petitioner fairly presents the federal nature of his claims to the state courts by:

     (a) reliance on pertinent federal cases employing constitutional

6

> analysis, (b) reliance on state cases employing constitutional analysis
> in like fact situations, (c) assertion of the claim in terms so particular
> as to call to mind a specific right protected by the Constitution, and
> (d) allegation of a pattern of facts that is well within the mainstream
> of constitutional litigation.

*Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir.) (citation omitted), *cert. denied*, ___ U.S. ___, 132

S.Ct. 265 (2011); *see also Clark v. Bradt*, No. 10-CV-0964, 2012 WL 28275, at *4 (W.D.N.Y. Jan.

5, 2012) (citation omitted).

## 1.   Ground One

In his initial ground, petitioner argues that his trial attorney rendered ineffective assistance

by failing to:  (i) advise the District Attorney and the trial court that petitioner wished to accept the

prosecution's initial plea proposal that would have resulted in petitioner receiving a seven year

determinate sentence;[5] and (ii) object to the prosecution's alleged failure to file a predicate felony

statement, and the subsequent sentencing of petitioner as a second felony offender.  Am. Pet.,

Ground One.

In his CPL Motion, petitioner did not argue that his trial attorney wrongfully failed to accept,

on petitioner's behalf, the initial plea proposal offered by the District Attorney.  Nor did petitioner

claim in that collateral challenge to his conviction that his attorney failed to inform petitioner about

the initial plea offer.  *Compare* CPL Motion *with* Am. Pet., Ground One.  Therefore, this aspect of

petitioner's initial ground for relief is plainly unexhausted.[6]

---

[5] Though not clear from petitioner's *pro se* submissions, petitioner may also be (alternatively) claiming in this ground that his attorney wrongfully failed to communicate to petitioner the initial plea proposal offered by the prosecution.  *See* Am. Pet., Ground One; Supp. Mem. at 7-8.

[6] Although respondent contends that petitioner claimed in his CPL Motion that counsel never informed petitioner of the initial plea proposal, *see* Resp. Mem. at 11, the Court's review of the CPL Motion fails to confirm that assertion.

Next, as noted *ante*, petitioner argued in his collateral challenge that his attorney rendered ineffective assistance by not objecting to the District Attorney's alleged failure to file a SFOS, and by failing to object to the trial court's decision to thereafter sentence petitioner as a second felony offender. *See* CPL Motion at 3-5. In addressing the substance of those claims, the county court recognized a criminal defendant's "State and Federal constitutional right" to the effective assistance of counsel, and cited the Supreme Court's case in *Hill v. Lockhart*, 474 U.S. 52 (1985) in resolving the issue before it. *See* January, 2011 Decision at 3. Petitioner's CPL Motion therefore alerted the trial court to the federal nature of this aspect of his ineffective assistance claim. *Carvajal*, 633 F.3d at 104; *Clark*, 2012 WL 28275, at *4. However, petitioner failed to seek leave to appeal the denial of that application from the Appellate Division. Furthermore, the time within which petitioner could properly file an application seeking appellate review of the January, 2011 Decision has now passed. *Sumpter v. Sears*, No. 09-CV-0689, 2012 WL 95214, at *2 (E.D.N.Y. Jan. 12, 2012) (noting that an individual has thirty days after service of order denying a CPL motion within which to file an application seeking leave to appeal) (citations omitted). This Court therefore finds that this claim must be "deemed exhausted" for purposes of this habeas action. *Santos v. Rock*, No. 10 CIV. 2896, 2011 WL 3449595, at *8-9 (S.D.N.Y. Aug. 5, 2011) (finding claims asserted in CPL § 440 motion to be procedurally defaulted due to petitioner's failure to seek leave to appeal the denial of such motion); *Fountaine v. Burge*, 06-CV-6305, 2010 WL 173557, at *4 (W.D.N.Y. Jan. 13, 2010) (same); *Castillo v. Hodges*, No. 01 CIV. 2172, 2004 WL 613075, at *4-5 (S.D.N.Y. Mar. 29, 2004) (same).[7]

---

[7] There is authority which stands for the proposition that courts may not properly "deem" CPL § 440 motions exhausted where the petitioner never sought leave to appeal the denial of such a motion from the Appellate Division in light of the Second Circuit's decision in *Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir. 1990). *See*

8

2.      **Ground Two**

Turning to petitioner's second and final ground, in the portion of petitioner's appellate brief wherein counsel claimed that the sentence imposed on petitioner was illegal, appellate counsel failed to cite any provision of the United States Constitution, federal law, or opinion decided by any federal court.  *See* App. Br.  Additionally, none of the state cases cited by appellate counsel in the portion of petitioner's brief that concerned the issue of whether petitioner was properly sentenced as a second felony offender employed any constitutional analysis in like-fact situations.  *See id.* at 8-11 (citing *People v. Kluck*, 156 A.D.2d 830 (3d Dep't 1989); *People v. Woodard*, 48 A.D.2d 980 (3d Dep't 1975); *People v. Ladson*, 30 A.D.3d 836 (3d Dep't 2006); *People v. Bryant*, 47 A.D.2d 51 (2d Dep't 1975); *People v. Farrow,* 69 A.D.3d 980 (3d Dep't 2010); *People v. Mosley*, 54 A.D.3d 1098 (3d Dep't 2008); and *People v. Anthony*, 52 A.D.3d 864 (3d Dep't 2008)).  Nor does petitioner's claim that he was improperly sentenced as a second felony offender call to mind a specific right protected by the United States Constitution, or allege a pattern of facts that is well within the mainstream of constitutional litigation.  *See Santos v. Payant*, 538 F.Supp.2d 549, 554 (E.D.N.Y. 2007) (citations omitted).  Petitioner has therefore not exhausted his second and final claim.[8]

_____

*Quintana v. McCoy*, 03 Civ. 5747, 2006 WL 300470 at *5 (S.D.N.Y. Feb. 6, 2006).  However, this Court is persuaded that the Supreme Court's decision in *Coleman v. Thompson*, 501 U.S. 722 (1991) – decided **after** the Second Circuit's decision in *Pesina* – makes clear that federal courts are to determine whether an avenue of appeal regarding a habeas claim is available to a petitioner under state law, and therefore whether a petitioner's request for review of such a claim by a state court would be futile.  *See Thomas v. Greiner*, 111 F.Supp.2d 271, 278 (S.D.N.Y. 2000) (holding that "[i]n order to comply with *Coleman*, the federal courts must at some point do what *Pesina* declined to do – 'declare as a matter of state law that an appeal . . . is unavailable'") (quoting *Pesina*); *DeVito v. Racette*, No. CV-91-2331, 1992 WL 198150, at *5 (E.D.N.Y. Aug. 3, 1992) (observing that "*Coleman* appears to put to rest *Pesina's* concern that federal courts lack the 'authority' to declare claims procedurally defaulted at the state level") (citing *Pesina*).

[8]  To the extent that petitioner's CPL Motion may be liberally construed as having asserted a claim that his sentence was illegal, separate and apart from his ineffective assistance claim relating to his sentence, *see* January, 2011 Decision at 2, any such claim is necessarily unexhausted because, as noted above, petitioner failed to seek leave to appeal that order from the Appellate Division.

Furthermore, to satisfy the exhaustion requirement applicable to habeas actions, a petitioner must have articulated the federal nature of his claims in an application seeking leave to appeal filed with the New York Court of Appeals.  *See Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005) (citations omitted); *Jamison v. Bradt*, No. 09-CV-0747, 2011 WL 2728394, at *4 (W.D.N.Y. July 12, 2011) (noting that petitioner failed to properly exhaust ground for relief because he did not include claim in his application seeking leave to appeal) (citations omitted).  Since petitioner failed to seek leave to appeal concerning the Appellate Division's decision denying his appeal, his second ground for relief is unexhausted for this reason as well.

### 3.    Consequences of Failure to Exhaust

When claims have not been fully exhausted by a habeas petitioner, a federal court may find that there is an absence of available state remedies when "it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile." *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001); *Robinson v. Superintendent, Green Haven Correctional Facility*, No. 09-CV-1904, 2012 WL 123263, at *4 (E.D.N.Y. Jan. 17, 2012) (citing *Aparicio*).  Therefore, this Court must determine whether it would be futile for petitioner to now present the above claims to the state courts in federal terms.

Petitioner's CPL Motion only challenged the effectiveness of his counsel with respect to petitioner's sentencing, and was filed pursuant to CPL § 440.20, not CPL § 440.10.  In New York, "there is no time limit on claims pursuant to CPL § 440.10, and a defendant may move at *nisi prius* to vacate the judgment at any time." *Ptak v. Superintendent*, No. 9:08-CV-0409 (TJM), 2009 WL 2496607, at *6 (N.D.N.Y. Aug 13, 2009) (internal quotation marks and citation omitted).  Since petitioner may still file a CPL § 440.10 motion with the county court in which he argues that his

counsel wrongfully failed to either accept the initial plea proposal, or inform petitioner of that offer, this Court may not properly deem this aspect of his initial ground for relief to be exhausted.  *Ptak*, 2009 WL 2496607, at *6.

However, as is discussed more fully above, petitioner may not now properly file an application with the Appellate Division seeking leave to appeal the denial of his CPL Motion wherein he argued that his counsel was ineffective in allowing petitioner to be sentenced as a second felony offender because the time to seek such leave has passed.  *Sumpter*, 2012 WL 95214, at *2; *Santos*, 2011 WL 3449595, at *8-9; *Fountaine*, 2010 WL 173557, at *4; *Castillo*, 2004 WL 613075, at *4-5.  Therefore, this theory is both deemed exhausted and procedurally defaulted.  *See Aparicio*, 269 F.3d at 90 (citing *Coleman*, 501 U.S. at 735 n.1); *see also Moore v. Ercole*, No. 09-CV-1003, 2012 WL 407084, at *7 (E.D.N.Y. Feb. 8, 2012) (holding that unexhausted claims which petitioner can no longer pursue in state court are "deemed exhausted and procedurally defaulted") (citation omitted).

With respect to petitioner's second ground, he cannot now file a second appeal with the Third Department in which he argues the federal nature of his sentencing claim because a defendant is "entitled to one (and only one) appeal to the Appellate Division."  *See Aparicio*, 269 F.3d at 91 (citation omitted); *Allison v. Khahaifa,* No. 10-CV-3453, 2011 WL 3298876, at *8 (E.D.N.Y. Aug. 1, 2011) (quoting *Aparicio*) (other citation omitted).  Moreover, petitioner may not now properly file an application seeking leave to appeal concerning the Appellate Division's order denying his appeal because such application must be filed with the Court of Appeals "within thirty days after service upon the appellant of a copy of the order sought to be appealed."  *See* CPL § 460.10(5)(a).  Thus, the claims asserted by petitioner in his final ground for relief are also deemed exhausted and

procedurally defaulted. *Garcia-Lopez v. Fischer*, No. 05 CIV 10340, 2007 WL 1459253, at *4 n. 3 (S.D.N.Y. May 17, 2007); *Castro v. Fisher*, No. 04 CIV. 0346, 2004 WL 2525876, at *8 (S.D.N.Y. Nov. 8, 2004) (habeas claim is procedurally defaulted where petitioner did not seek leave to appeal from New York's Court of Appeals within thirty days of the party's receipt of the Appellate Division's order); *see also St. Helen v. Senkowski*, 374 F.3d 181, 183-84 (2d Cir. 2004); *Hall v. Bezio*, No. 9:10-CV-0837 (DNH), 2011 WL 3566845, at *6 (N.D.N.Y. Aug. 12, 2011).

Federal courts may only consider the merits of procedurally defaulted claims where the petitioner can establish both cause for his procedural default and resulting prejudice or, alternatively, that a fundamental miscarriage of justice would occur absent federal court review of the claims. *Acosta v. Artuz*, 575 F.3d 177, 184 (2d Cir. 2009) (citation omitted); *Smith v. Fischer*, No. 07 CIV. 2966, 2012 WL 695432, at *16 (S.D.N.Y. Mar. 5, 2012) (citations omitted).

To establish legal "cause" which would enable this Court to consider his procedurally forfeited claims, petitioner must show that some objective, external factor impeded his ability to fully exhaust them. *See Eckhardt v. Superintendent, Attica Correctional Facility*, No. 9:04-CV-0559 (GLS/GHL), 2008 WL 8156688, at *7 (N.D.N.Y. Mar. 25, 2008); *Doleo v. Reynolds*, No. 00 CIV.7927, 2002 WL 922260, at *3 (S.D.N.Y. May 7, 2002). "Cause may be established by 'showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or that 'some interference by officials' . . . made compliance impracticable . . . [or that] the procedural default is the result of ineffective assistance of counsel.'" *McCallie v. Poole*, No. 07-CV-0473, 2011 WL 1672063, at *3 (W.D.N.Y. May 3, 2011) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *see also Maxis v. Philips*, No. 10-CV-1016, 2011 WL 1397184, at *5 (E.D.N.Y. Apr. 13, 2011) (citations omitted).

In his Reply, petitioner claims that because the county court denied his CPL Motion on procedural grounds, that decision "forfeit[ed] appealability to the intermediate appellate division as to the arguments of issue."  Reply at 1.  However, petitioner has cited no authority, and this Court's research has disclosed none, which stands for the proposition that a party may not seek leave to appeal the denial of a CPL motion from the Appellate Division where the county court denied such application on procedural grounds.  In fact, case law in this Circuit demonstrates that a party is required to seek leave under such circumstances in order to properly exhaust his claims.  *See Fountaine*, 2010 WL 173557, at *4 (observing that certain of petitioner's claims which had been "denied on state procedural grounds" were unexhausted because that petitioner failed to seek leave to appeal the denial of his CPL motion from the Appellate Division).  Petitioner has failed to establish cause for his failure to exhaust his ineffective assistance claim as it relates to his sentencing.[9]

With respect to petitioner's claim which argues, as he did in his direct appeal, that he could not be properly sentenced as a second felony offender, petitioner asserts that he has demonstrated legal cause excusing his failure to file a leave application with New York's Court of Appeals because he purportedly asked his appellate attorney to file such an application, but such counsel wrongfully failed to file same on petitioner's behalf.  Reply at 1.  However, petitioner never filed a *coram nobis* application with the Appellate Division in which he argued that his counsel rendered ineffective assistance by failing to file a leave application with New York's Court of Appeals.  *See*,

---

[9] Habeas corpus petitioners bear the burden of demonstrating that they have exhausted available state remedies.  *Bessaha v. Rock*, No. 09-CV-3581, 2012 WL 1458195, at *10 (E.D.N.Y. Apr. 27, 2012) (citations omitted); *Brown v. Superintendent, Oneida Correctional Facility*, No. 07-CV-1809, 2011 WL 317726, at *3 (E.D.N.Y. Jan. 28, 2011) (citation omitted).

*e.g.*, Am. Pet. at ¶ 7 (petitioner listing the sole collateral challenge he filed concerning his conviction as the CPL Motion).  Thus, petitioner's claim that his appellate counsel rendered ineffective assistance by failing to file a leave application on petitioner's behalf is itself unexhausted.  A petitioner may not properly assert an ineffective assistance claim as cause excusing a procedural default when that claim is itself procedurally barred.  *See Reyes v. Keane*, 118 F.3d 136, 140 (2d Cir. 1997) ("a petitioner may not bring an ineffective assistance claim as cause for a default when that ineffective assistance claim itself is procedurally barred") (citation omitted); *see also Tucker v. Artus*, No. 07 CIV. 10944, 2011 WL 7109332, at *14 (S.D.N.Y. Dec. 12, 2011). Petitioner has therefore failed to establish cause for his failure to exhaust his second ground for relief.

Since petitioner has not established that legal cause exists which excuses his procedural defaults, and nothing in the record before this Court suggests that his defaults may be properly excused, this Court need not consider whether he has suffered the requisite prejudice because federal habeas relief is unavailable under this limited exception permitting review of procedurally forfeited claims unless the petitioner demonstrates **both** cause and prejudice.  *See Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985); *Collazo v. Lee*, No. 11 CIV. 1804, 2011 WL 6026301, at *3 (E.D.N.Y. Dec. 2, 2011) (finding that because petitioner "failed to show 'cause' for his procedural default, this Court does not need to determine whether he suffered prejudice because relief is unavailable unless both cause and prejudice have been established") (citing *Stepney*); *Tillery v. Lempke*, No. 9:10-CV-1298 (GTS), 2011 WL 5975068, at *4 (N.D.N.Y. Nov. 29, 2011) (citations omitted).

The finding that petitioner has failed to demonstrate cause for his procedurally defaulted

14

claims does not necessarily preclude this Court from considering his grounds for relief, however,

because, as noted above, a federal court may nonetheless properly review such claims if it is

convinced that the failure to consider them would amount to a fundamental miscarriage of justice.

*Acosta*, 575 F.3d at 184 (citation omitted); *Noakes v. Kaplan*, No. 10 CIV. 5141, 2012 WL 718553,

at *11 (S.D.N.Y. Mar. 5, 2012); *Tillery*, 2011 WL 5975068, at *4 (citation omitted).  However, in

discussing this limited exception to the rule prohibiting district courts from considering procedurally

barred claims, the Second Circuit has noted that:

> The Supreme Court has explained that the fundamental miscarriage of
> justice exception is "extremely rare" and should be applied only in
> "the extraordinary cases." *Schlup v. Delo*, 513 U.S. 298, 321-22, 115
> S.Ct. 851, 130 L.Ed.2d 808 (1995).  " '[A]ctual innocence' means
> factual innocence, not mere legal insufficiency." *Bousley v. United
> States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

*Sweet v. Bennett*, 353 F.3d 135, 142 (2d Cir. 2003); *see also Mastowski v. Superintendent*,

10-CV-0445, 2011 WL 4955029, at *14 (W.D.N.Y. Oct. 18, 2011) (citations omitted).

The habeas claims that this Court must deem to be exhausted and also procedurally defaulted

are rooted in petitioner's assertion that he could not be properly sentenced as a second felony

offender.  *See* Am. Pet., Grounds One, Two.  To establish actual innocence in the context of a

challenge to the imposition of an enhanced sentence, a petitioner must demonstrate "'by clear and

convincing evidence' that ' he is actually innocent of the act on which his harsher sentence was

based.'"  *Breeden v. Ercole*, No. 06 CV 3860, 2007 WL 3541184, at *2 (E.D.N.Y. Nov. 14, 2007)

(quoting *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 172 (2d Cir.

2000)).  For the reasons discussed more fully below, petitioner has not demonstrated that he could

not be properly sentenced as a second felony offender.  Moreover, petitioner admitted at his

sentencing hearing that he was convicted of the March, 2003 felony robbery conviction upon which his enhanced sentence was based. *See* Sentencing Tr. at 5. Petitioner has therefore not demonstrated that he is actually innocent of the second felony offender sentence imposed on him.

Since petitioner cannot now seek safe harbor from the dismissal of his defaulted claims under this final exception permitting habeas review of those grounds, the Court denies, as procedurally forfeited, the portion of petitioner's initial ground for relief which argues that his trial counsel rendered ineffective assistance by failing to object to petitioner being sentenced as a second felony offender. Additionally, his second ground for relief, which asserts that the county court wrongfully sentenced him as a second felony offender, must also be denied as procedurally defaulted.

### B.     Substance of Petitioner's Claims[10]

#### 1.     Standard of Review

Enactment of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") brought about significant new limitations on the power of a federal court to grant habeas relief to a state prisoner under 28 U.S.C. § 2254. In discussing this deferential standard, the Supreme Court noted in *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770 (2011) that:

> Federal habeas relief may not be granted for claims subject to §
> 2254(d) unless it is shown that the earlier state court's decision "was
> contrary to" federal law then clearly established in the holdings of this
> Court, § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct.
> 1495, 146 L.Ed.2d 389 (2000); or that it "involved an unreasonable
> application of" such law, § 2254(d)(1); or that it "was based on an
> unreasonable determination of the facts" in light of the record before
> the state court, § 2254(d)(2).

---

[10] This Court also reviews the merits of petitioner's grounds for relief.

*Harrington*, 131 S.Ct. at 785; *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing 28

U.S.C. § 2254(d)(1), (2)).  In providing guidance concerning application of this standard, the

Supreme Court has observed that:

> A state-court decision is contrary to this Court's clearly established
> precedents if it applies a rule that contradicts the governing law set
> forth in our cases, or if it confronts a set of facts that is materially
> indistinguishable from a decision of this Court but reaches a different
> result.  *Williams v. Taylor*, *supra*, at 405, 120 S.Ct. 1495; *Early v.
> Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (*per
> curiam*).  A state-court decision involves an unreasonable application
> of this Court's clearly established precedents if the state court applies
> this Court's precedents to the facts in an objectively unreasonable
> manner.  *Williams v. Taylor*, *supra*, at 405, 120 S.Ct. 1495; *Woodford
> v. Visciotti*, 537 U.S. 19, 24-25, 123 S.Ct. 357, 154 L.Ed.2d 279
> (2002) (*per curiam*).

*Brown v. Payton*, 544 U.S. 133, 141 (2005); *see also Portalatin v. Graham*, 624 F.3d 69, 79 (2d Cir.

2010) (citation omitted), *cert. denied*, ___ U.S. ___, 131 S.Ct. 1693 (2011).

        For a federal court to properly find a state court's application of Supreme Court precedent to

be unreasonable in this context, the state court's decision must have been "more than incorrect or

erroneous. . . .  The state court's application must have been objectively unreasonable."  *Wiggins v.

Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted); *Ryan v. Miller*,

303 F.3d 231, 245 (2d Cir. 2002) (citation omitted); *Kelly v. Conway*, No. 10-CV-3053, 2011 WL

3555823, at *2 (E.D.N.Y. Aug. 11, 2011) (citations omitted).  "While the precise method for

distinguishing objectively unreasonable decisions from merely erroneous ones is somewhat unclear,

it is well-established in this Circuit that the objectively unreasonable standard of § 2254(d)(1) means

that petitioner must identify some increment of incorrectness beyond error in order to obtain habeas

relief."  *Sorto v. Herbert*, 497 F.3d 163, 169 (2d Cir. 2007) (internal quotation marks, citation and

alteration omitted).  As the Court noted in *Schriro*, "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold."  *Schriro*, 550 U.S. at 473 (citation omitted).

### 2.    Review of Petitioner's Claims

#### i.    Ground One

Prior to considering the substance of petitioner's claim alleging ineffective assistance of trial counsel (Am. Pet., Ground One), the Court finds that a brief review of what petitioner must demonstrate in order to prevail on such claim is appropriate.

The Sixth Amendment to the United States Constitution provides, in part, that:  "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  U.S. Const., Amend. VI.  To establish a violation of this right to the effective assistance of counsel, a habeas petitioner must show both:  (1) that counsel's representation fell below an objective standard of reasonableness, measured in light of prevailing professional norms; and (2) resulting prejudice, that is, a reasonable probability that, but for counsel's unprofessional performance, the outcome of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 688, 692-94 (1984); *Harrington*, 131 S.Ct. at 787-88.[11]  In establishing prejudice in the plea context, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill*, 474 U.S. at 58-59.

As noted *ante*, petitioner has claimed for the first time in this action that his trial attorney

---

[11]  Claims alleging ineffective assistance in the plea context are governed by the two part test set forth in *Strickland*.  *See Hill*, 474 U.S. at 58; *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399, 1405 (2012).

failed to accept the prosecution's initial plea offer in a timely fashion, or, alternatively, failed to communicate the terms of that initial plea proposal to petitioner. However, this claim is not credible. Other than petitioner's own statements regarding these claims, petitioner has offered no proof to substantiate these assertions. Petitioner offers no explanation, theory or reason as to why his counsel would not have accepted the initial plea proposal on behalf of petitioner – or informed petitioner of that offer – yet several months later negotiate on petitioner's behalf, and thereafter accept, a subsequent plea proposal offered by the prosecutor.[12] Furthermore, at the proceeding wherein petitioner pleaded guilty, defense counsel specifically noted that the plea proposal offered by the District Attorney had been "modified," but that counsel had "had an opportunity to discuss [the] offer" with petitioner, who was "prepared to accept that [offer] today." Plea Tr. at 3-4. That statement strongly suggests that counsel had discussed the initial plea proposal with petitioner, who eventually agreed to plead guilty to the modified plea proposal subsequently offered by the prosecution. Significantly, petitioner never claimed at the hearing at which he entered his guilty plea that he had directed his attorney to accept the earlier plea offer, or that petitioner was unaware of the plea proposal before it had been "modified" by the prosecutor. Instead, petitioner assured the trial court that counsel's understanding of the plea proposal comported with petitioner's understanding of that agreement. *Id.* at 4.

It has been properly observed that "'in most circumstances a convicted felon's self-serving testimony is not likely to be credible.'" *Smith v. McGinnis*, No. 02 CIV. 1185, 2003 WL 21488090, at *4 (S.D.N.Y. June 25, 2003) (quoting *Purdy v. Zeldes*, 337 F.3d 253, 259 (2d Cir. 2000)).

---

[12]  The county court specifically observed that "[t]he plea agreement [was] worked out by defense counsel," and that petitioner had "agreed to and [did] not object to" that plea agreement. January, 2011 Decision at 3.

Petitioner's self-serving claims that his attorney wrongfully failed to accept the initial plea offer on petitioner's behalf, or, alternatively, that counsel did not disclose the terms of that initial plea proposal to the petitioner, are not supported by the record and are plainly meritless.  Therefore, the Court denies these claims.  *See Ricks v. Superintendent of Marcy Correctional Facility*, No. 10-CV-0785, 2012 WL 162608, at *2 (W.D.N.Y. Jan. 19, 2012) (observing that although neither the Supreme Court nor the Second Circuit has established the standard of review that district courts are to utilize in considering unexhausted habeas claims, "the common thread" in decisions that dispose of unexhausted claims is that such grounds for relief are "unquestionably meritless") (other quotation marks and citations omitted); *Diaz v. Marshall*, No. 04-CV-1650, 2011 WL 2802836, at *8 (E.D.N.Y. July 14, 2011).

The second and final theory asserted by petitioner in support of his ineffective assistance claim contends that petitioner was unaware that he would be sentenced as a second felony offender until after the sentencing proceeding had begun, and that "[a]t no time did trial attorney object to the absence of the predicate statement, nor did he offer any challenge as to the procedure."  Am. Pet., Ground One; *see also* Supp. Mem. at 5-8.  However, this claim appears to overlook the fact that, in rejecting this claim brought in petitioner's CPL Motion, the trial court opined that petitioner's counsel was "obvious[ly]" aware that petitioner was a second felony offender at the time of the plea because the negotiated sentence was one that was imposed on second felony offenders.  *See* January, 2011 Decision at 3-4.  Additionally, the record supports the conclusion that the SFOS was provided to the county court and defense counsel prior to petitioner's November 23, 2009 sentencing hearing.  Specifically, the District Attorney affirmed the veracity of the statements contained in that statement, under penalty of perjury, on November 2, 2009.  *See* SFOS at 2.  It defies logic to assume

20

that the District Attorney would not file such notice with the trial court, and serve a copy of same on defense counsel, soon after that statement was executed.[13]   Moreover, the trial court specifically referred to the March, 2003 third degree robbery conviction referenced in the SFOS at petitioner's sentencing.  *Compare* Sentencing Tr. at 5 *with* SFOS at ¶ 4.  Neither defense counsel nor petitioner claimed at the time of petitioner's sentencing that no SFOS had been provided to the defense, or filed in petitioner's criminal action.  *See* Sentencing Tr.  Nor did petitioner indicate at that time that he was unaware that he was to be sentenced as a second felony offender.  *Id.*  Finally, in denying petitioner's CPL Motion, the county court specifically determined that "[t]he Rensselaer County District Attorney's Office provided copies [of the SFOS to] both the Court and the Defendant." January, 2011 Decision at 4.  These facts support the conclusion that the SFOS was filed with the trial court, and served on defense counsel, prior to petitioner's sentencing hearing.  Therefore, there was no basis for counsel to either object to the alleged failure of the prosecutor to serve and/or file the SFOS statement, or otherwise challenge the procedure by which petitioner was sentenced as a second felony offender.  Counsel therefore did not render ineffective assistance as to these matters.

Furthermore, as noted *ante*, petitioner admitted at his sentencing that he had been convicted of the prior felony conviction referenced in the SFOS.  Sentencing Tr. at 5.  He therefore cannot demonstrate that he was prejudiced by trial counsel's failure to object to the second felony offender sentence imposed on petitioner.  *See People v. Buckman*, 90 A.D.3d 1635, 1636 (4th Dep't 2011) (rejecting challenge to alleged defects concerning felony offender statement where appellant had "received adequate notice and an opportunity to be heard with respect to the prior conviction[s]")

---

[13] The prosecutor specifically declared in the SFOS that such statement was being "***filed*** pursuant to section 400.21" of the CPL.  SFOS at ¶ 2 (emphasis added).

(internal quotation marks and citation omitted); *Ladson*, 30 A.D.3d at 837 (rejecting claim challenging legality of second felony offender sentence where appellant admitted that "he was the person convicted of the prior felony and . . . he was given sufficient notice of and an opportunity to controvert the allegations made in the second felony offender statement.").

In light of the above, this Court also denies petitioner's initial ground for relief on the merits.

### ii.   Ground Two

In his second and final ground, petitioner argues that the sentence imposed on him is "illegal" because it was imposed on him without petitioner having received notice that the prosecutor intended to have petitioner sentenced as a second felony offender.  Am. Pet., Ground Two.  Petitioner also asserts that the trial court improperly failed to conduct a hearing required under New York law prior to sentencing petitioner as a second felony offender, and that, for this reason as well, the imposed sentence is illegal.  *Id.*

However, as is discussed more fully above, the record supports the conclusion that petitioner was properly sentenced as a second felony offender by the county court.  Thus, any claim that the sentence imposed on him was illegal because he was not properly found to be a second felony offender is without substance.[14]  Additionally, there is no evidence that the agreed upon sentence imposed on petitioner for his second degree burglary conviction is outside the statutory range allowed by New York law.  Thus, petitioner's sentencing claim "does not present a constitutional

---

[14]  Furthermore, as the court held in *Saracina v. Artus*, No. 10–3898–pr, 452 Fed.Appx. 44 (2d Cir. Dec. 20, 2011):  "[w]hether a New York court erred in applying a New York recidivist sentencing enhancement statute is a question of New York State law . . . [a]nd it is well-established that '[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'"  *Saracina*, 452 Fed.Appx. at 46 (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)); *see also Zayas v. Ercole*, No. 08-CV-1037, 2009 WL 6338395, at *14 (E.D.N.Y. Nov. 9, 2009) (holding that petitioner's claim that he was improperly sentenced as a persistent violent felony offender "asserts a violation of state law, and thus is not cognizable on federal habeas corpus review") (citation omitted).

claim amenable to review in a federal habeas corpus." *Roundtree v. Kirkpatrick*, No. 11-CV-6188, 2012 WL 1413054, at *23 (W.D.N.Y. Apr. 23, 2012); *see Madrid v. Smith*, No. 08-CV-5262, 2012 WL 912945, at *7 (E.D.N.Y. Mar. 13, 2012).  That fact also prevents petitioner from prevailing on any claim which argues that the imposed sentence violated his Eighth Amendment right to be free from cruel and unusual punishment.  *Madrid*, 2012 WL 912945, at *7; *Rivera v. Graham*, No. 11 CIV. 3546, 2012 WL 397826, at *6 (E.D.N.Y. Feb. 7, 2012).  Petitioner's second and final ground for relief is therefore also (alternatively) denied on the merits.

**III.    CERTIFICATE OF APPEALABILITY**

   Finally, the Court notes that 28 U.S.C. § 2253(c) provides, in relevant part, as follows:

> Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . . .

28 U.S.C. § 2253(c)(1)(A).[15]  A Certificate of Appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2). Since petitioner has failed to make such a showing herein, the Court declines to issue any Certificate of Appealability in this matter.

   **ACCORDINGLY**, it is

   **ORDERED** that petitioner's Amended Petition (Dkt. No. 5) is **DENIED** and **DISMISSED**; and it is further

   **ORDERED** that no Certificate of Appealability shall issue because petitioner has failed

---

[15] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1).

to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c); and it is further

ORDERED that any state court records that were not filed in this action be returned directly to the Attorney General at the conclusion of these proceedings (including any appeal of this Decision and Order filed by any party).

**IT IS SO ORDERED.**

Dated: May 24, 2012

Thomas J. McAvoy
Senior, U.S. District Judge